PJG

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Albert Floyd Jelks;<br>Bettie Mack Jelks,<br><br>     Plaintiffs,<br><br>vs.<br><br>United States of America,<br><br>     Defendant.<br>_____ | C/A No. 3:12-3451-MBS-PJG<br><br>**REPORT AND<br>RECOMMENDATION** |

  The plaintiffs, Albert Floyd Jelks and Bettie Mack Jelks, ("Plaintiffs"), who are both self-represented litigants, brings this action pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680 ("FTCA"). This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiffs have paid the filing fee. Plaintiffs complain of medical malpractice at the Veterans Affairs Hospital in Columbia, South Carolina. Plaintiff Albert Floyd Jelks alleges injuries relating to a knee surgery at the hospital in 2008; Plaintiff Bettie Mack Jelks, his wife, complains of losses related to her husband's lack of mobility and the cost of care. Having reviewed the Complaint in accordance with applicable law, the court concludes that Plaintiff Bettie Mack Jelks's claims should be summarily dismissed, as she has not exhausted available administrative remedies prior to filing suit.

## INITIAL REVIEW GENERALLY

  *Pro se* complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of

a potentially meritorious case. Erickson v. Pardus, 551 U.S. 89 (2007). When a court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. De'Lonta v. Angelone, 330 F.3d 630, 630 n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that this court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal court. Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990).

## DISCUSSION

The Federal Tort Claims Act ("FTCA") allows exceptions to the sovereign immunity the United States otherwise enjoys. 28 U.S.C. § 1346. However, Plaintiff Bettie Mack Jelks cannot proceed under the FTCA, because she does not allege she has exhausted the administrative remedies required by the Act. See 28 U.S.C. § 1346; see also Norton v. United States, 581 F.2d 390, 392-93. The FTCA vests the district courts with

> exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1).

To proceed with a case under the FTCA, Plaintiff must first exhaust her claims with the appropriate administrative agency:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim



> within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a).

An administrative claim must first be filed with the appropriate federal agency before commencement of a civil action in a district court under the Federal Tort Claims Act. See 28 C.F.R. § 14.2; the Standard Form 95; and 28 U.S.C. § 2401(b) (a tort claim "shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues"). Plaintiffs failed to allege exhaustion in their Complaint. The assigned magistrate judge ordered Plaintiffs to answer a set of Special Interrogatories addressing exhaustion issues in an order dated February 5, 2013. In response, Plaintiff Albert Floyd Jelks reported that he had in fact filed the required documentation with the agency and received a final denial of his administrative claim, but Plaintiff Bettie Mack Jelks admitted that she had not done so. (See ECF No. 12 at 1.)

The administrative exhaustion requirement is jurisdictional. McNeil v. United States, 508 U.S. 106 (1993) (upholding dismissal of suit for lack of subject matter jurisdiction when available administrative remedies not exhausted). A spouse's claims, such as for lack of consortium, must be similarly exhausted in order for this court to have subject matter jurisdiction. See Dolan v. U.S. Postal Serv., 546 U.S. 481 (2006) (spouse's loss of consortium claims were conceded to be barred for failure to exhaust administrative remedies required by the FTCA). Therefore, Plaintiff Bettie Mack Jelks cannot proceed with an FTCA case.

*PJG*

**RECOMMENDATION**

Accordingly, the court recommends that the Plaintiff Bettie Mack Jelks be terminated as a party to this case, and the claims pertaining only to that Plaintiff be dismissed without prejudice.  See United Mine Workers v. Gibbs, 383 U.S. 715 (1966); see also Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972).

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

March 28, 2013
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).