IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Albert Floyd Jelks, | ) | C/A No. 3:12-3451-JFA-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The plaintiff, Albert Floyd Jelks ("Jelks"), a self-represented litigant, filed this civil action pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671-80 ("FTCA").  This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the defendant's motion to dismiss. (ECF No. 35.)  Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised Jelks of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the defendant's motion. (ECF No. 36.)  Jelks filed a response in opposition (ECF No. 40), which he later supplemented (ECF No. 43).  After additional time was provided in light of Jelks's supplement, the defendant filed a reply.  (ECF No. 47.)  Having reviewed the parties' submissions and the applicable law, the court finds that the defendant's motion should be granted.

## BACKGROUND

Jelks's allegations arise out of the medical care he received at the Wm. Jennings Dorn Veterans Affairs Medical Center beginning on or about March 5, 2008 when he underwent a total knee arthroplasty.  Jelks appears to allege that employees of the Medical Center provided him with

PJG

negligent care. Jelks alleges that the employees' negligence caused him pain and suffering, including but not limited to, causing him to undergo additional procedures and to become disabled and incapacitated. Jelks seeks monetary damages.

## DISCUSSION

### A. Motion to Dismiss Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the facts alleged on the face of the plaintiff's complaint. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). A claim is facially plausible when the factual content allows the court to reasonably infer that the defendant is liable for the misconduct alleged. Id. When considering a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007). A court may consider "documents attached or incorporated into the complaint" without converting a motion to dismiss into a motion for summary judgment. E.I. du Pont de Nemours and Co. v. Kolon Indus., Inc., 637 F.3d 435, 448 (4th Cir. 2011). Further, "when a defendant attaches a document to its motion to dismiss, 'a court may consider it in determining whether to dismiss the complaint [if] it was integral to and explicitly relied on in the complaint and [if] the plaintiffs do not challenge its authenticity.'" Am. Chiropractic Ass'n v. Trigon Healthcare, Inc., 367 F.3d 212, 234 (4th Cir. 2004) (quoting Phillips v. LCI Int'l Inc., 190 F.3d 609, 618 (4th Cir. 1999)).



The court observes that it is required to liberally construe *pro se* complaints. Id. Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's factual allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Twombly, 550 U.S. 544, 555-56 (2007)). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

**B.      FTCA Claim**

The FTCA provides for a limited waiver of the Government's sovereign immunity from suit by allowing a plaintiff to recover damages in a civil action for loss of property or personal injuries caused by the "negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). Under the FTCA, the court must determine liability in accordance with the substantive tort law of the state "where the act or omission occurred." 28 U.S.C. § 1346(b)(1). Accordingly, because Jelks alleges medical negligence that occurred while

PJG

he was at the Wm. Jennings Dorn Veterans Affairs Medical Center located in South Carolina, the substantive law of South Carolina controls.

In South Carolina, to recover in a negligence claim, "a plaintiff must prove the following three elements:  (1) a duty of care owed by defendant to plaintiff; (2) breach of that duty by a negligent act or omission; and (3) damage proximately resulting from the breach of duty."  Bloom v. Ravoira, 529 S.E.2d 710, 712 (S.C. 2000).  Further, before filing or initiating a claim for medical malpractice in South Carolina, a plaintiff must contemporaneously file a "Notice of Intent to File Suit" and an expert affidavit, which identifies at least one negligent act or omission claimed to exist.  S.C. Code Ann. § 15-79-125(A); see also Ross v. Waccamaw Cmty. Hosp., 744 S.E.2d 547, 548 (S.C. 2013); S.C. Code Ann. § 15-36-100(B).  In considering a state law claim for medical malpractice under this court's supplemental jurisdiction, the Honorable Cameron McGowan Currie, United States District Judge, has held that the pre-suit notice and expert affidavit requirements in S.C. Code Ann. §§ 15-36-100 and 15-79-125 are the substantive law in South Carolina.  Millmine v. Harris, C/A No. 3:10-1595-CMC, 2011 WL 317643 (D.S.C. Jan. 31, 2011).

Because an expert affidavit did not accompany Jelks's Complaint, the defendant first argues that this matter must be dismissed based on Jelks's failure to comply with the pre-suit expert affidavit requirements.  In his supplemental response in opposition to the defendant's motion, Jelks submitted an expert report[1] by Dr. William P. Thorpe.  However, review of this report reveals that Jelks still has failed to comply with the applicable requirements, as it fails to identify at least one negligent act or omission.  In fact, after summarizing Jelks's medical records, in response to the

---

[1] The court observes that this document is not an affidavit or declaration.  However, for the reasons discussed herein even if this report was sufficient to satisfy this requirement, it fails to satisfy the other requirements.



question of whether any of the steps in Jelks's orthopaedic care were below the standard of care, Dr.

Thorpe indicates that he "can find none." (ECF No. 43-1 at 2.) Dr. Thorpe further states that

> [r]egarding the blood disorder-idiopathic thromocytosis I am not qualified to opine on its possible relation to the hematoma. I have recommended review by a qualified hematologist.
> There have been voiced to me concerns over the timing of some of the follow up care especially in relation to the hematoma. Although faster I and D might have diminished the experience of post operative pain from the first operation, I cannot state the timing was below the standard of care.

(Id. at 3.) Accordingly, while Jelks maintains that he believes the employees' negligence caused his

injuries, Jelks's belief is insufficient and dismissal is warranted as a matter of law.

## RECOMMENDATION

For the foregoing reasons, the court recommends that the defendant's motion to dismiss (ECF

No. 35) be granted.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

October 2, 2013
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" <u>Diamond v. Colonial Life & Acc. Ins. Co.,</u> 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); <u>see</u> Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).