UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Albert Floyd Jelks,[1] | ) | C/A No. 3:12-3451-JFA-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The *pro se* plaintiff, Albert Floyd Jelks,[1] brings this claim for medical malpractice against the United States pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671-80-80. The plaintiff alleges that he received negligent medical care when he underwent a total knee arthroplasty in March 2008 at the William Jennings Bryan Dorn Veterans Affairs Medical Center.

The Magistrate Judge assigned to this action[2] has prepared a Report and Recommendation and opines that defendant's motion to dismiss[3] should be granted because

---

[1] Plaintiff Bettie Mack-Jelks was dismissed as a party on May 15, 2013.

[2] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

[3] An order was issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notifying plaintiff of the summary dismissal procedure and possible consequences if he failed to adequately respond to the motion to dismiss. Plaintiff responded to the motion.

the plaintiff has failed to comply with pre-filing requirements applicable to medical malpractice actions. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The parties were advised of their right to file objections to the Report and Recommendation which was entered on the docket on October 2, 2013. The plaintiff moved for and was granted an extension of time to file objections.

Thereafter, the plaintiff filed a motion to continue this action for an additional 60 days to obtain further discovery from a VA physician to support the plaintiff's proposed expert witness. The court denied this motion in light of the fact that the Magistrate Judge had recommended dismissal due to the plaintiff's non-compliance with the pre-filing requirements. The court also explained in detail to the plaintiff that he should file objections with the court, setting out in specific detail why he believed the Magistrate Judge's recommended disposition was incorrect.

Now before the court is a document by the plaintiff styled "Motion to Dismiss Continue and Objections to the Report and Recommendation." In this document, the plaintiff requests that the court "dismiss motion to continue the action for 60 days to file objections to the Report and Recommendation. I further request that the court dismiss the motion to file objections to Report and Recommendations. Therefore I hereby request that court grant dismissals." It appears that the plaintiff is referring to his motion to continue for 60 days, filed November 22, 2013 (ECF No. 58). However, that motion was already denied on December 3, 2013.

This court is at a loss to determine what the plaintiff intends to communicate by this most recent pleading. If it is to be considered as a motion for a further extension of time to object to the Report and Recommendation, it is denied. Plaintiff has already received two lengthy extensions of time.

To the extent the pleading may be construed as a motion and objection to the Report, the objection is patently frivolous. Moreover, in the absence of specific objections to the Report of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Finally, to the extent that the pleading may be considered as the plaintiff's motion to dismiss this action, the court will decline to rule on that motion, and will instead dismiss the action on the merits based upon the Report and Recommendation of the Magistrate Judge which clearly sets out the deficiencies in the plaintiff's pre-suit affidavit by a medical professional.[4]

After carefully reviewing the applicable laws, the record in this case, and the Report and Recommendation, and the plaintiff's response thereto, this court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. The Report is adopted and incorporated herein by reference.

---

[4] The statement from Dr. William P. Thorpe, though insufficient on its face, is not purported to be made under oath and therefore is technically not an affidavit. Even if it were asserted upon oath, it still fails for the reasons stated by the Magistrate Judge.

Accordingly, the defendant's motion to dismiss (ECF No. 35) is granted and this action is dismissed.

IT IS SO ORDERED.

March 19, 2014
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge

4